UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL DEFENSE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV421-334 |
| | ) | |
| THE TACTICAL EDGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court previously directed unrepresented Defendant The Tactical Edge, LLC ("Tactical Edge"), to retain counsel. Doc. 59. As Tactical Edge has now been advised twice, it cannot appear in this case without counsel. S*ee* doc. 55 at 2; doc. 59 at 2. It was, therefore, expressly warned that failure to retain counsel within 30 days of the prior Order, or to show cause for any delay in compliance within that same time frame, could subject it to default. Doc. 59 at 2. Defendant's deadline for compliance expired over 30 days ago. *See* doc. 59 at 2. No counsel has appeared on its behalf, and it has not otherwise responded to the Court's Order. *See generally* docket.

1

It is well-established that "a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This rule reflects the "ancient common law tradition" that a corporation can only appear in court by an attorney. *Beaudreault v. ADF, Inc.*, 635 F. Supp. 2d 121, 121 (D.R.I. 2009) (citing *Osborn v. Bank of the United States*, 22 U.S. 738, 830 (1824)). The Supreme Court has recognized that the "rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Gilly v. Shoffner*, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) ("[A] limited liability company can appear in court only through a licensed attorney because it is a business entity."). For that reason, the Court instructed Tactical Edge to retain counsel or face consequences. *See* doc. 59.

As warned, entry of default against Tactical Edge is now appropriate. *See* doc. 59 at 2. This Court is authorized to impose

sanctions on a party that fails to obey its orders. *See* Fed. R. Civ. P. 16(f)(C); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii). Rule 37(b)(2)(A), in pertinent part, authorizes the Court to "render[ ] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); *see also CNH Capital America, LLC v. Southeastern Aggregate, Inc.*, 2009 WL 2391242, at *2 (S.D. Ga. Aug. 4, 2009) (discussing this Court's authority to enter default against a party that fails to obey its orders). Additionally, "[t]he failure of an artificial entity to obtain counsel, in violation of a court order or rule to do so, has repeatedly been held to support default judgment, even absent violations of other rules or orders." *CNH Capital America*, 2009 WL 2391242, at *2 (quoting *American Resources Ins. Co. v. Evoleno Co.*, 2008 WL 4701350, at *3 (S.D. Ala. Oct. 23, 2008)).

Directing the Clerk to enter default is, therefore, appropriate. Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). As the Northern District of Georgia explained, the Rule contains an "embedded principle . . . that when a party fails to

3

defend against claims asserted, the defendant is deemed to have abandoned their right to defend. This principle applies where a defendant entity chooses to abandon the defense of a claim by not retaining counsel to replace counsel originally retained." *PBS&J Constructors, Inc. v. I.L. Fleming, Inc.*, 2015 WL 7779214, at *2 (N.D. Ga. Dec. 2, 2015); *see also Shapiro, Bernstein & Co. v. Cont'l Rec. Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("Without question, such cavalier disregard for a court order [directing defendant to retain counsel] is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'"). The Court is empowered to direct entry of default *sua sponte*. *See Allstate Prop. and Cas. Ins. Co. v. Haslup*, 2012 WL 12953465, at *6 (N.D. Ga. Jan. 12, 2012) ("A court has the power to enter default under Rule 55(a)."); *Bakewell v. Fed. Fin. Grp., Inc.*, 2007 WL 4079446, at *1 (N.D. Ga. Oct. 31, 2007) (directing entry of default against entity for failing to comply with its order to retain counsel).

For the foregoing reasons, the Clerk is **DIRECTED** to enter default against Defendant The Tactical Edge, LLC.[1] Plaintiff is **DIRECTED** to

---

[1] "The entry of default (and thus the decision to set aside or to leave in effect such an entry) constitutes a pretrial matter that does not dispose of any claim or defense; as a result, courts have treated motions of this sort as subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *J & J Sports Prods., Inc. v.*

4

seek a default judgment within 30 days from the date of entry of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the unrepresented entity at the address used by its former counsel:

> The Tactical Edge, LLC
> c/o Robert Snyder
> 219 Industrial Drive, Unit B
> Clarksville, TN 37040

*See* doc. 59 at 3.  The Clerk is further **DIRECTED** to send a copy to The Tactical Edge, LLC's registered agent listed in filings with the Tennessee Secretary of State:

> Robert Snyder
> Registered Agent: The Tactical Edge, LLC
> 1253 Meachem Drive
> Clarksville, TN 37042

Also before the Court is the Plaintiff's Request to File Partially Redacted Document.  Doc. 61.  Although it cites to the Court's Local Rule governing requests to seal, *id.* at 2 (citing S.D. Ga. L. Civ. R. 79.7(d)), the motion does not actually seek to file anything under seal as contemplated by that Rule.  Instead, the motion is clear that Plaintiff seeks the Court's

---

*Martinez*, 2013 WL 2147790, at *1 n. 2 (M.D.N.C. May 16, 2013) (citing *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir.2002); *L & M Cos., Inc. v. Biggers III Produce, Inc.*, 2010 WL 1439411, at *8 & n. 3 (W.D.N.C. Apr. 9, 2010)).

permission to submit a document in support of its request for attorney's fees which redacts out information it deems irrelevant to the issue. *See* doc. 61 at 1; doc. 62-1 at 2. It simply asks the Court to "accept" Exhibit 1 for filing in its current form, without requiring it to file or serve unredacted copies of the exhibit. Doc. 61 at 2. The Clerk has already accepted the redacted document for filing. *See* doc. 62-1 at 6-20. To the extent that is all the motion seeks, it is, therefore, **GRANTED**. Doc. 61.

**SO ORDERED**, this 17th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA